# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES C. WASHINGTON, <br><br> Petitioner, <br><br> v. <br><br> FRED FIGUEROA, <br><br> Respondent. | No. 2:16-cv-01899 MCE AC P <br><br> FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner without counsel, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now pending before the court is respondent's motion to dismiss (ECF No. 12) which argues that the current petition is untimely. Petitioner has responded to the motion (ECF No. 17) and respondent has filed a reply (ECF No. 20). After review of the pleadings, the court recommends that respondent's motion be granted.

**I.     Procedural Background**

Petitioner was convicted in the Sacramento County Superior Court of second degree robbery pursuant to California Penal Code § 211 and receiving stolen property pursuant to Cal. Penal Code § 496(a). Lodg. Doc. No. 1. On January 16, 2013, that court sentenced him to a determinate term of seventeen years. Id.

On April 29, 2014, the court of appeal reversed petitioner's stolen property conviction and otherwise affirmed the judgment. Lodg. Doc. No. 2. Petitioner did not seek review with the

California Supreme Court of that decision.

Petitioner filed his first state habeas petition with the Sacramento County Superior Court on August 14, 2014.[1] Lodg. Doc. No. 3. That petition was denied on the merits on October 27, 2014. Lodg. Doc. No. 4.

Then, on January 20, 2015, petitioner filed a second habeas petition with the court of appeal for the third appellate district. Lodg. Doc. No. 5. That petition was summarily denied on February 5, 2015. Lodg. Doc. No. 6.

On March 1, 2015 petitioner returned to the Sacramento County Superior Court with a third petition. Lodg. Doc. No. 7. This petition was denied on May 4, 2015. Lodg. Doc. No. 8. The court declined to consider petitioner's claim of ineffective assistance of trial counsel, reasoning that petitioner had previously brought such a claim in his August 2014 petitioner and failed to include his current claims therein. Id. at 1. The court then dismissed petitioner's claim of ineffective assistance of appellate counsel on the merits. Id. at 1-2.

A fourth petition was filed on May 18, 2015 with the court of appeal for the third appellate district. Lodg. Doc. No. 9. That petition was summarily denied on May 28, 2015. Lodg. Doc. No. 10.

A fifth petition, identical to the fourth, was filed simultaneously with the California Supreme Court on May 18, 2015. Lodg. Doc. No. 11. That petition was summarily denied on August 12, 2015. Lodg. Doc. No. 12.

A sixth petition was filed with the Sacramento County Superior Court on September 21, 2015. Lodg. Doc. No. 13. The petition was denied as successive and delayed. Lodg. Doc. No. 14.

A seventh petition was filed on December 20, 2015 with the court of appeal for the third appellate district. Lodg. Doc. No. 15. The petition was summarily denied on December 31, 2015. Lodg. Doc. No. 16.

---

[1] The petition was filed with the superior court on August 26, 2014. Lodg. Doc. No. 3. As respondent correctly points out, however, the "mailbox rule" dictates that a prisoner's petition is deemed filed upon delivery to prison officials for filing. Accordingly, the court will refer to the delivery dates for the ensuing petitions.

The eighth and last state habeas petition was filed with the California Supreme Court on February 24, 2016. Lodg. Doc. No. 17. That petition was denied with a citation to In re Miller, 17 Cal.2d 734, 735 (1941) on May 11, 2016. Lodg. Doc. No. 18.

The instant petition was filed on July 6, 2016. ECF No. 1.

**II.      Applicable Legal Standards**

**A.      Motion to Dismiss**

In the context of federal habeas claims, a motion to dismiss is construed as arising under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts which "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated." O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)). Accordingly, a respondent is permitted to file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards in reviewing the motion. See Hillery v. Pulley, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982). Rule 4 specifically provides that a district court may dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The court may, however, take judicial notice of court records and does so here. See Porter v. Ollison, 620 F.3d 952, 954-55 (9th Cir. 2010).

**B.      Statute of Limitations**

A federal habeas petition must be filed within one year of: (1) the date the state court judgment became final, either by conclusion of direct review or the expiration of time to seek such review; (2) the date on which an impediment to filing created by state action is removed (if the applicant was prevented from filing by that action); (3) the date on which a constitutional right is newly recognized by the Supreme Court and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been recognized through the exercise of due diligence. See 28 U.S.C. § 2244(d). In most cases the statute of limitations begins to run after the state court judgment becomes final, pursuant to 28 U.S.C. § 2244(d)(1).

The limitations period is tolled while a properly filed application for post-conviction relief

is pending in state court. See 28 U.S.C. § 2244(d)(2). An application for such relief is only "properly filed," however, if it is authorized by and in compliance with state law. See Artuz v. Bennett, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."). It bears noting that there is no tolling for periods of unreasonable delay between state court applications. See Carey v. Saffold, 536 U.S. 214, 225 (2002).

### III. Analysis

As noted above, court records indicate that petitioner's conviction was reversed in part on direct review by the court of appeal on April 29, 2014. Lodg. Doc. No. 2. Petitioner did not appeal this decision to the California Supreme Court and, consequently, the state judgment became final forty days later on June 8, 2014. See California Rules of Court 8.264, 8.500; see also Smith v. Duncan, 297 F.3d 809, 813 (9th Cir. 2001). The one year statute of limitations began to run the following day, and petitioner therefore had until June 9, 2015 to file his federal habeas petition. The instant petition was not filed until July 14, 2016. ECF No. 1. The question, then, is what tolling petitioner is entitled to.

Respondent argues that petitioner is not entitled to interval tolling between the finality of direct review and the first state habeas action filed on August 14, 2014. The court agrees. The Ninth Circuit has noted that "AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), overruled on other grounds by Carey, 536 U.S. at 214. Accordingly, sixty-six days of the limitation period elapsed between the conclusion of direct review and the filing of the first habeas petition.

There is no dispute that the first habeas petition was properly filed. The only claims raised therein pertained to the performance of petitioner's trial counsel. Lodg. Doc. No. 3 at 3. As noted above, this petition was filed on August 14, 2014 and denied on October 27, 2014.

////

////

Lodg. Docs. Nos. 3 & 4. This extended the limitations period from June 9, 2015 to August 24, 2015.[2]

Petitioner filed his second state petition on January 20, 2015 – eighty-four days after the denial of his first petition. Lodg. Doc. No. 5. This petition was summarily denied. Lodg. Doc. No. 6. Respondent contends that petitioner is not entitled to interval tolling during this period because eighty-four days is an unreasonable delay. In evaluating whether a delay in filing a California application for post-conviction relief is unreasonable, a federal habeas court must compare the delay to "the short period[s] of time, 30 to 60 days, that most States provide for filing an appeal." Velasquez v. Kirkland, 639 F.3d 964, 967 (9th Cir. 2011) (internal quotations and citations omitted). In Velasquez, the Ninth Circuit noted that a delay of eighty-one days was, absent some adequate explanation, unreasonable insofar as it was "nearly a full month beyond the deadline in most states." Id. at 968. Petitioner has not offered any justification for his eighty-four day delay. Accordingly, Velasquez governs and compels the conclusion that the delay here was unreasonable. One hundred and fifty days of the limitations period had elapsed on January 20, 2015.

The third petition did not proceed to the next appellate level because it was filed in the Sacramento County Superior Court. Accordingly, petitioner is not entitled to interval tolling between the court of appeal's denial of his second petition on February 5, 2015 and the filing of his third petition on March 1, 2015. See Carey, 536 U.S. at 223 ("We find that California's system functions in ways sufficiently like other state systems of collateral review to bring intervals between a lower court decision and a filing of a new petition in a higher court within the scope of the statutory word 'pending.'"); Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) ("an application for post conviction relief is pending during the 'intervals between a lower court decision and a filing of a new petition in a *higher* court.'"). Accordingly, 174 days had elapsed at the time petitioner filed his third petition. One hundred and ninety-one days remained.

---

[2] Seventy-five days of tolling moves the deadline to August 22, 2015, which was a Saturday. Accordingly, the petition would be due the following Monday – August 24, 2015. See Fed. R. Civ. P. 6(a).

The third petition also represented a new round of collateral review. See Delhomme v. Ramirez, 340 F.3d 817, 820 (9th Cir. 2003), abrogated on other grounds by Evans v. Chavis, 546 U.S. 189 (2006) ("Each time a petitioner files a habeas petition at the same or a lower level . . . the subsequent petition . . . triggers an entirely separate round of review."). Unlike the first petition, it argued that *both* petitioner's trial and appellate counsel had rendered ineffective assistance. Lodg. Doc. No. 7 at 6. Petitioner is entitled to tolling during the pendency of this petition – from March 1, 2015 until May 4, 2015, when it was denied.

The fourth petition, filed May 22, 2015 in the court of appeal, raised the same claims as third and was denied on May 28, 2015. The fifth petition, which was identical to the fourth and also filed on May 22, 2015, was submitted to the California Supreme Court and denied on August 12, 2015. Petitioner is entitled to tolling for the periods during which the fourth and fifth petitions were pending. On August 12, 2015, 191 days still remained of the limitations period.

The sixth petition was filed on September 21, 2015 in the Sacramento Superior Court and raised, for the first time: (1) a claim attacking the sufficiency of the evidence underlying petitioner's robbery conviction; (2) a claim that petitioner should have been charged with "grand theft" rather than robbery; and (3) a claim that petitioner's conviction for receiving stolen property is no longer a felony under California law. Lodg. Doc. No. 13. The superior court cited In re Clark, 5 Cal 4th 750,744 (1993) and denied the petition on the grounds that it was untimely. Lodg. Doc. No. 14. Petitioner is not entitled to tolling during the pendency of this petition because untimely petitions are not "properly filed" for the purposes of 28 U.S.C. § 2244(d)(2). See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) ("[W]e hold that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); see also White v. Martel, 601 F.3d 882, 884 (9th Cir. 2010) ("[T]olling under section 2244(d)(2) is unavailable where a state habeas petition is deemed untimely under California's timeliness standards."). Nor is petitioner entitled to gap tolling for the intervals before or after the filing and denial of this petition. See Thorson v. Palmer, 479 F.3d 643, 646 (9th Cir. 2007) (quoting Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005)) ("Under Pace, if a

state court denies a petition as untimely, none of the time before or during the court's consideration of that petition is statutorily tolled.").

Petitioner's seventh and eighth petitions raised the same claims as his sixth. Lodg. Docs. Nos. 15 &17. The court of appeal summarily denied the seventh. Lodg. Doc. No. 16. The California Supreme Court denied the eighth with a citation to In re Miller, 17 Cal. 2d 734, 735 (1941). Lodg. Doc. No. 18. In re Miller stands for the proposition that the current petition is denied for the same reasons that the court denied the previous petition. See Kim v. Villalobos, 799 F.2d 1317, 1319 n.1 (9th Cir. 1986). The court looks through these denials to the superior court's holding that the petition was untimely. See Townsend v. Knowles, 562 F.3d 1200, 1205 (9th Cir. 2009). The Supreme Court's citation to In re Miller does not alter this conclusion. See Ylst v. Nunnemaker, 501 U.S. 797, 804 n.3 (1991) (state court decision "based on ineligibility for further state review" has no effect on availability of federal habeas and a court should look through the later decision to the last reasoned state court opinion). These untimely petitions do not support statutory tolling.

Based on the foregoing, the court concludes that petitioner had until February 19, 2016 (191 days from August 12, 2015) to file his federal habeas petition. The instant petition, however, was not filed until July 14, 2016. ECF No. 1.

The only question that remains is whether petitioner is entitled to equitable tolling. The only argument raised by petitioner to that effect concerns the sixty-six day period between the completion of direct review and the filing of his first habeas petition. In his response, petitioner argues that he did not file his first petition until August 14, 2014 because he was not given notice that his direct appeal was complete. ECF No. 17 at 4. He claims that, after not receiving any notice from the court of appeal, he began to research "the law and his case" and, only then, concluded that he could not have been guilty of second degree robbery. Id. Petitioner's contentions are inconsistent with state court records lodged by respondent, which reflect that a copy of the court of appeal's opinion was sent to the petitioner on April 29, 2014. Lodg. Doc. No. 19. Additionally, when the court of appeal issued remittitur on July 1, 2014, it noted that copies of the opinion had previously been provided to the parties. Lodg. Doc. No. 21.

Respondent also persuasively argues that petitioner need not have waited to receive the court of appeal's opinion before researching the legal issues pertaining to his second degree robbery conviction. Only the conviction for receiving stolen property was challenged on direct appeal. Lodg. Doc. No. 2. Finally, the court notes that the extension of the filing deadline by sixty-six days would not render the petition timely.

**IV.  Conclusion**

Accordingly, it is RECOMMENDED that respondent's motion to dismiss (ECF No. 12) be granted and the petition be dismissed as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: May 26, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE