UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES C. WASHINGTON,<br><br>Petitioner,<br><br>v.<br><br>FRED FIGUEROA,<br><br>Respondent. | No. 2:16-cv-01899 MCE AC<br><br><br><br>ORDER |

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition was dismissed as untimely on July 14, 2017. ECF No. 26. On August 8, 2017, petitioner then filed a notice of appeal (ECF No. 28) and his appeal is still pending before the Ninth Circuit. On August 17, 2017, petitioner submitted a motion asking this court to grant him "PLU" status for the duration of his appeal. ECF No. 31. The court will deny this motion.

Petitioner does not define "PLU" status in his motion, but the court is able to glean from his attachments that it refers to "Priority Legal User." Cal. Code Regs. tit. 15, § 3122 (b). While prisoners do have a right of access to the courts, they do not have a federal right to any specific, state-created legal assistance program. See Lewis v. Casey, 518 U.S. 343, 351 (1996) ("[P]rison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental

1

constitutional rights to the courts.") (internal quotation marks and citations omitted). Here, petitioner has failed to allege that prison officials' refusal to approve his PLU status has injured him by frustrating his efforts to pursue a legal claim. Id. (holding that, to state a viable access to the courts claim, an "inmate . . . must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim."). Additionally, the Supreme Court has cautioned courts against interfering with the day-to-day affairs of prison administration. See Turner v. Safley, 482 U.S. 78, 84-85 (1987). The court is, therefore, reluctant to second guess officials' decisions as to which inmates should be granted PLU status. Finally, to the extent petitioner *is* alleging that the denial of PLU status has caused him some injury which violates his right of access to the courts, he must bring that claim in a separate § 1983 action.

It is THEREFORE ORDERED that petitioner's motion for court to approve PLU status (ECF No. 31) is DENIED.

DATED: August 21, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE